# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2012

No. 11-41379
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GENARO GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1156-5

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Genaro Gomez pleaded guilty to conspiring to harbor illegal aliens in violation of 8 U.S.C. § 1324, and he received the statutory maximum 120-month sentence. On appeal, he challenges the district court's denial of a downward adjustment for acceptance of responsibility, and he argues that the district court erred by enhancing his sentence based the deaths of two aliens and a member of the conspiracy and on his role in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41379

Gomez asserts that the sentencing court did not allow him an allocution, thereby depriving him of an opportunity to accept responsibility. This assertion is unsupported by the record as the court fully accorded Gomez his right of allocution. The court denied an adjustment for acceptance of responsibility because, after pleading guilty, Gomez denied his involvement in the offense until the eve of sentencing. He has not shown that the district court's denial of a reduction for acceptance of responsibility is without foundation. *United States v. Thomas*, 120 F.3d 564, 574-75 (5th Cir. 1997).

The sentencing court made exhaustive factual findings in support of its determination that the three deaths were reasonably foreseeable. Specifically, the court found that all members of the conspiracy knew that the aliens were to be trekked on foot through the brush in the middle of summer. The trip was intended to take two or three days, which in itself presented danger, but it was foreseeable that they could be stranded in the brush for a longer period. Because the aliens were required to travel through the brush in "extremely hot" weather without sufficient food or water, the court further found it reasonably foreseeable that members of the party might go in search of help, find a rural road and collapse out of exhaustion, and be struck and killed by a motorist who did not see them.

These findings are plausible in light of the record as a whole, and they certainly do not give rise to a "firm and definite conviction" that the sentencing court was mistaken. *See United States v. Rodriguez,* 630 F.3d 377, 380 (5th Cir. 2011); *United States v. De Jesus-Ojeda*, 515 F.3d 434, 442 (5th Cir. 2008). We likewise find no clear error in the assessment of a sentence enhancement based on Gomez's role in the offense. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

AFFIRMED.